LOTTINGER, Judge.
These consolidated cases arise from the termination of employment of a tenured professor at Southeastern Louisiana University, Hammond, Louisiana. The plaintiff, Dr. Harvard Nelson, sues Southeastern Louisiana University, the State Board of Education for the State of Louisiana, and/or the State Board of Trustees for State Colleges and Universities (hereinafter collectively referred to as the Board). Both cases will be handled in this opinion.
The facts are undisputed that Dr. Harvard Nelson, a tenured professor in the agriculture department, began his teaching at Southeastern in 1950. On June 8, 1967, he was notified that his position would be terminated at the end of the spring semester, 1968. During this time period, the university was undergoing administrative changes, and through the new president, Dr. Clea Parker, plaintiff was led to believe of his possible reinstatement on a probationary basis. However, by letter dated May 28, 1968, plaintiff was unequivocally informed that his termination was final.
*949 From May 28, 1968, until January, 1971, no written request for appeal to the Board appears in the record. In 1971, the record reveals that Dr. Nelson wrote personal letters to several board members to solicit their aid in gaining reinstatement. In March of 1972, Dr. Nelson was denied an opportunity to be formally heard before a committee of the Board.
In no. 12315 Dr. Nelson filed suit on August 7, 1975 seeking reinstatement and back pay. The Board filed an “exception of prematurity and no right or cause of action” contending plaintiff had not exhausted his administrative remedies by failing to apply for a hearing before the Board. The trial court overruled the exceptions and ordered the Board to conduct a hearing within 15 days, or in default thereof, the trial court would hear the case on its merits. This judgment was appealed by the Board to this Court, but was ultimately remanded, on motion, for further proceedings in the trial court.
The hearing ordered by the trial court was held on May 27, 1976, and on October 29, 1976, the Board adopted the recommendation of its grievance committee that Dr. Nelson be denied reinstatement based on the committee’s finding that he was dismissed because his position was abolished and the committee could find no record of an official request for a hearing before the Board.
Plaintiff was notified that the Board denied his appeal for reinstatement. In no. 12316 Dr. Nelson filed suit on January 13, 1977 seeking judicial review of the Board’s denial of his reinstatement.
In affirming the decision of the Board, the trial judge concluded that the termination of plaintiff was due to a lack of student interest in the courses taught by him, along with plaintiff’s failure to assist in finding a suitable alternate position for himself within the university. The trial judge found the termination was justified and concluded that the decision of the Board was neither arbitrary nor capricious. La.R.S. 49:964 G(6). Plaintiff has appealed.
On appeal, plaintiff’s basic argument is that since he was a tenured professor he could not be dismissed for any reasons other than those listed in the handbook distributed by Southeastern to all teaching personnel, to wit: (1) being found guilty of gross neglect of duties, (2) refusing to perform assigned duties, or (3) grave moral delinquency. The handbook further states that “should the administration discharge a permanent faculty member, he has the right to appeal to the State Board of Education.”
In reviewing this decision this Court finds two crucial issues: (1) whether the plaintiff timely appealed his discharge to the Board, and (2) were the reasons for the termination of plaintiff’s employment valid.
ISSUE NO. 1
The Board found as a question of fact that there was no official request for a review hearing before the Board in the record. After a complete and exhaustive review of this record, we cannot say the Board was in error in this finding.
The method employed by Dr. Nelson in attempting to have an appeal hearing before the Board was clearly not in the form of a formal request. Importantly, from May 28, 1968, to January, 1971, this Court can find no evidence in the record of a request by Dr. Nelson for a review by the Board. The handbook upon which Dr. Nelson so heavily relies provides for a right of appeal to the Board; however, no time period for seeking such an appeal is given. We have not been cited any statutory authority limiting the time within which to seek review.
Though appeals are favored, they must be timely requested. Where, as in this case, there is no definitive period for appeal established, this Court finds that an appeal must be taken within a reasonable time frame to allow justice to be done for both parties involved. We can find nothing in the record to excuse or justify a seven year delay on the part of the plaintiff in seeking judicial review.
*950 By comparison, La.R.S. 17:443 allows a public school teacher one year within which to seek judicial review of termination of employment by a public school board. As above pointed out, plaintiff did nothing from May 28, 1968, to January, 1971, and then only personal letters seeking aid from board members. Additionally, in March, 1972, plaintiff was denied a formal hearing before a committee of the board, and did not file suit until August 7, 1975, better than three years later.
Plaintiff had within his own power the ability to seek a judicial determination of his rights but failed to do so. Through his own self imposed delay, plaintiff attempts to recover a substantial award based on an extended period of time. We are convinced that the time period plaintiff waited to seek a review is unreasonably long, and thus find no error in the board’s finding that no review had been sought.
ISSUE NO. 2
Considering that we find no error in the board’s decision to uphold the dismissal because of failure to seek review, there is no need to discuss this issue, and thus we pre-termit same.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed in the consolidated cases, numbered 12315 and 12316. Plaintiff-appellant is to pay all costs of this appeal.
AFFIRMED.
ELLIS, J., dissents and assigns written reasons.